# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNDEEP AMRUTE,<br><br>Plaintiff,<br><br>v.<br><br>SANJAY SHAH and STREET SOLUTIONS, INC.,<br><br>Defendants. | **Document Electronically Filed**<br><br>Civil Action No.:<br><br><br><br>**NOTICE OF REMOVAL** |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Sanjay Shah ("Shah"), by its undersigned counsel, hereby gives notice of its removal of the above-captioned case from the Superior Court of New Jersey, Law Division, Hudson County (Docket No. HUD-C-67-20), where the action is pending, to the United States District Court for the District of New Jersey.  Removal is proper for the following reasons:

1. Plaintiff Sundeep Amrute ("Plaintiff") filed a Verified Complaint in this action in the Superior Court of New Jersey, Chancery Division, Hudson County on April 16, 2020.  A copy of the Complaint is annexed as Exhibit A.

2. Plaintiff also filed an Order to Show Cause with Temporary Restraints, on May 7, 2020.

3. On May 8, 2020, the Honorable Jeffrey R. Jablonski, P.J.Ch., signed Plaintiff's Order to Show Cause with Temporary Restraints, setting a hearing for July 10, 2020 and

requiring that service be made of the Order to Show Cause by May 15, 2020. A copy of the signed Order to Show Cause with Temporary Restraints is attached as Exhibit B.

4. Plaintiff has not served either the Verified Complaint or the Order to Show Cause with Temporary Restraints on Shah.

5. On June 12, 2020, the Honorable Jeffrey R. Jablonski, P.J.Ch. granted Plaintiff permission to effect substituted service of the Order to Show Cause with Temporary Restraints, but service still has not been effected to date.

6. This Notice is timely filed in accordance with 28 U.S.C. § 1446(b)(1) and (2), because it is being filed before service of the Verified Complaint has been made, and defendant Street Solutions, Inc. ("SSI") consents to removal.

7. There is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and (c), because Plaintiff, on the one hand, and Shah and SSI, on the other, are citizens of different states.

8. As set forth in the Verified Complaint, Plaintiff is a citizen of the State of New York (Exhibit A, ¶ 4).

9. As set forth in the Verified Complaint, Shah is a citizen of the State of California (Exhibit A, ¶ 5).

10. As set forth in the Verified Complaint, SSI is a citizen of the State of New Jersey, having its principal place of business in the State of New Jersey and being incorporated in that state (Exhibit A, ¶ 6).

11. Although SSI is a citizen of New Jersey, it has not been served.

12. The preponderance of the evidence establishes that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) and (B). Because the New Jersey State Court Rules only require unliquidated damages to be pled

generally (R. 4:5-2), the Complaint does not identify a specific amount of damages. Plaintiff's legal claims and factual allegations, however, establish that Plaintiff is seeking well in excess of $75,000 in compensatory damages alone.

13. Plaintiff's Verified Complaint seeks, among other equitable relief, forced purchase of his stock at fair value (Exhibit A, ¶ 27), dissolution of Street Solutions, Inc. and distribution of its assets to the shareholders in proportion to their shareholdings (Exhibit A, p. 9) and monetary damages (Exhibit A, p. 9).

14. SSI is worth in excess of $1,000,000 and so Plaintiff's share of SSI (Plaintiff alleges that he holds a 44 percent interest in SSI, Exhibit A, ¶ 12) is worth in excess of $75,000.

15. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because this lawsuit is between citizens of different states and the preponderance of the evidence establishes that the amount in controversy exceeds $75,000.

16. The District of New Jersey is the proper venue for removal pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of New Jersey, Chancery Division, located within the District of New Jersey.

17. Shah files this Notice of Removal without waiving any objections, exceptions or defenses to Plaintiff's Verified Complaint and Order to Show Cause.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being sent to all counsel of record and will be filed with the Clerk of the Superior Court of New Jersey, Hudson County.

**WHEREFORE**, Defendant Sanjay Shah hereby provides notice of its removal of this action to the United States District Court for the District of New Jersey and requests that this Court assume full jurisdiction over this cause as provided by law.

Dated: June 13, 2020                                         Respectfully Submitted,

/s/ Matthew D. Stockwell
Matthew D. Stockwell (MS-1804)
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, New York 10019
(212) 858-1000
*Attorneys for Defendant*
*Sanjay Shah*