<u>**EXHIBIT A**</u>

Christopher S. Porrino (Bar I.D. 071631992)
Matthew M. Oliver (Bar I.D. 040071997)
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Plaintiff Sundeep Amrute*

| | |
|---|---|
| SUNDEEP AMRUTE,<br><br>             Plaintiff,<br><br>   v.<br><br>SANJAY SHAH and STREET SOLUTIONS, INC.,<br><br>             Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION:<br>HUDSON COUNTY<br><br>DOCKET NO.: _____<br><br><u>CIVIL ACTION</u><br><br>**VERIFIED COMPLAINT** |

Plaintiff Sundeep Amrute ("Amrute" or "Plaintiff"), by way of complaint against Defendants Sanjay Shah ("Shah") and Street Solutions, Inc. ("SSI" or the "Company," and together with Shah, the "Defendants"), hereby avers as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This is an oppressed minority shareholder action arising under the New Jersey Business Corporation Act, specifically N.J.S.A. 14A:12-7, et seq., through which Plaintiff Amrute, a 44% shareholder of Defendant SSI, seeks to remedy the ongoing misconduct committed by Defendant Shah, who also owns 44% of the stock of SSI.

2.     Defendant Shah has unilaterally seized control of the business and operations of SSI, and has excluded and "frozen out" Plaintiff Amrute from any meaningful participation in the Company. Among other things, and without limitation, Shah has: (i) purported to "terminate" Amrute's 17-year employment with the Company; (ii) cut off Amrute's access to all

Company computer and information systems, including corporate e-mail, which actions prevent Amrute from fulfilling his longstanding duties; (iii) taken for himself an unauthorized "bonus" of $140,000, without even notifying his fellow directors, officers, and shareholders, much less seeking their approval; and (iv) refused to make pre-agreed profit distributions consistent with longstanding Company policy and the agreement among the shareholders.

3. Through this action, Amrute seeks to restore the proper incidents of his ownership of SSI stock consistent with his reasonable expectations over the past 17 years; to ensure that proper corporate governance is restored to SSI so that Shah cannot unilaterally run the Company without regard for his fiduciary duties and for the rights of his fellow directors, officers, and shareholders; and to be compensated for the wrongful conduct and harm caused by Shah's willful, unilateral, illegal and oppressive conduct.

## THE PARTIES

4. Plaintiff Sundeep Amrute is a natural person residing at 234 Degraw Street, Brooklyn, New York, New York. Since approximately 2003, Mr. Amrute has been a shareholder of SSI, and he currently owns 44% of the Company's stock. Mr. Amrute is also a member of the Company's Board of Directors, an officer, and a senior employee of the Company, all of which positions he has also occupied since approximately 2003.

5. Defendant Shah is a natural person residing at 6104 Gallop Heights Court, San Diego, California. Shah owns 44% of the stock of SSI, and claims to serve as its Chief Executive Officer. As set forth below, Shah has instigated and perpetrated a campaign of oppression against Plaintiff Amrute in an effort to "freeze out" Amrute from the day-to-day operations of the Company and keep the economic benefits of the Company all to himself.

6. Defendant SSI is a corporation formed under the laws of the State of New Jersey with its principal place of business at 111 Town Square Place, Suite 1203, Jersey City, New Jersey. SSI develops and sells software for the secondary loan market, providing platforms for managing loans processes from purchase through exit. The Company's clients are some of the most successful financial institutions in the world.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action because, among other things, Defendant SSI is a New Jersey corporation, a substantial part of the transactions or events giving rise to the claims occurred in the State of New Jersey, this dispute concerns the rights and obligations of stockholders of a New Jersey corporation under New Jersey corporate law, and a substantial part of the acts and omissions giving rise to this action occurred or had substantial impacts in the State of New Jersey.

8. This Court has personal jurisdiction over Defendant SSI because it is a corporation formed and existing under the laws of the State of New Jersey with its corporate headquarters and principal place of business is located in New Jersey. This Court has personal jurisdiction over Defendant Shah because, among other things, he is a controlling shareholder of Defendant SSI, a New Jersey corporation; he is a director, officer, and employee of a New Jersey corporation; and because Defendant Shah travels to New Jersey to conduct business on behalf of SSI, including regular, repeated and systematic contacts, communications, and visits with employees, clients, and others.

9. Venue is appropriate in Hudson County pursuant to New Jersey Court Rule 4:3-2 as the causes of action arose in Hudson County, Defendant SSI resides in Hudson County, and a substantial part of the transactions or events giving rise to the claims occurred in Hudson County.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. Defendant SSI was formed as a corporation under the laws of the State of New Jersey on or about June 9, 1999.

11. In or around 2003, Plaintiff Amrute joined SSI. At that time, Amrute acquired 50% of the stock of SSI and became a director, officer, and employee of the Company. Defendant Shah owned the other 50% of the stock of SSI. Since joining the Company, Amrute has continuously served as a director, officer, shareholder and employee of the business.

12. Over the years, both Amrute and Shah transferred small portions of their SSI stock to other Company employees, such that the current ownership of SSI stock today is as follows: 44% to Plaintiff Amrute; 44% to Defendant Shah; 6% to Dilip Shah (Defendant Shah's brother-in-law); and 6% to Ravi Mistry. Ravi Mistry is aligned with Defendant Shah, and follows his lead on all corporate, business and governance matters, including matters coming before the Company's board of directors.

13. In or around 2013, Defendant Shah and Mistry left SSI to found and focus their full-time efforts on a new business, SSI Health, Inc. Upon the departure of Defendant Shah and Mistry from SSI, Mr. Amrute became solely responsible for running the Company. During the absence of Shah and Mistry, Mr. Amrute rebuilt the Company's customer and revenue base and directed the development and marketing of multiple successful products. Notwithstanding the fact that Defendant Shah and Mistry performed no services for the Company between 2013 and their return in late 2017, Shah continued to draw 50% of his regular salary and received full pension plan allocations throughout this time period.

14. Since the return of Defendant Shah and Mistry to the Company in or around 2017, Shah has proven to be a divisive figure, creating hostility within the board, among the shareholders, and in the workplace. His conduct has been seriously detrimental to the proper and harmonious functioning of the business. His actions and conduct have demonstrated a conscious disregard for the long-term health and prospects of the business and for his fiduciary duties to the

Company and to his fellow shareholders, officers and directors, and have led to the resignation of important employees.

15. Among other things, and without limitation, Defendant Shah has engaged in numerous actions, which are improper, illegal, and constitute minority shareholder oppression under the New Jersey law; these actions have been designed to "freeze out" Amrute and to frustrate his reasonable expectations for his role in SSI. Amrute's reasonable expectations, developed throughout his 18-year affiliation with the Company as a director, officer, shareholder, and employee, include, among other things: the reasonable expectation of continued employment along with his ownership stake; the reasonable expectation of proper corporate governance and decision-making, including reasonable approval of and input on all meaningful decisions and issues affecting the business by the directors and shareholders; the reasonable expectation of continued salary and benefits; and the reasonable expectation that other directors, officers, and shareholders will not steal money from the Company and make unilateral decisions.

16. In or around late March or early April of 2020, Defendant Shah paid himself an unauthorized bonus of $140,000. Before paying himself this bonus, Defendant Shah did not notify, much less seek the approval of, the other shareholders, officers, or directors.

17. In early April 2020, Defendant Shah attempted to terminate Mr. Amrute's positions with the Company, despite the fact that he had no valid or proper reason or cause to do so, and despite the fact that he lacked the authority to do so.

18. In early April 2020, Defendant Shah cut off or directed others to cut off Mr. Amrute's access to critical Company computer systems and processes, access which is necessary for the proper functioning of the Company's business and for Mr. Amrute to fulfill his longstanding obligations and responsibilities to the Company.

19. In early April 2020, Defendant Shah cut off or directed others to cut off Mr. Amrute's access to his Company e-mail account, which prohibits him from fulfilling his

longstanding obligations and responsibilities to the Company and has the potential to damage his reputation and impair his relationships with customers and other business contacts.

20. In early April 2020, Defendant Shah refused to make a distribution to shareholders, consistent with historical practice and the agreement among the shareholders, despite the fact that the Company has excess cash sufficient to cover months of operating expenses, and despite the fact that the Company's outside accountant has recommended a significant distribution even taking into account the current economic circumstances.

21. Defendant Shah has cut off or directed others to cut off Dilip Shah's access to critical Company computer systems and processes, access which is necessary for the proper functioning of the Company's business and for Mr. Shah to fulfill his longstanding obligations and responsibilities to the Company, because Dilip Shah is seen as an ally of Plaintiff Amrute.

22. Moreover, upon information and belief, Defendant Shah is conspiring to make changes to the Company's pension plan and benefits to the detriment of Plaintiff Amrute.

## **COUNT ONE**

**(Minority Shareholder Oppression under N.J.S.A. 14A:12-7, et seq.)**

23. Plaintiff repeats and realleges the allegations of the above paragraphs as if set forth at length herein.

24. SSI is a corporation organized and existing under the laws of the State of New Jersey.

25. SSI has four shareholders.

26. Defendant Shah, in his capacity as a director, officer, and controlling shareholder of SSI, has acted fraudulently or illegally, has mismanaged the Company, has abused his authority as an officer and as a director, and has acted oppressively and unfairly to one or more minority shareholders in their capacities as shareholders, directors, officer, or employees, including Plaintiff Amrute and Dilip Shah.

27. By reason of the foregoing, Plaintiff Amrute is entitled to preliminary and permanent injunctive relief, as well as monetary damages in an amount to be determined at trial, including a forced purchase of his stock at fair value adjusted for the harm Defendant Shah has caused to the Company and the misconduct in which he has engaged.

## COUNT TWO

### (Breach of Fiduciary Duty)

28. Plaintiff repeats and realleges the allegations of the above paragraphs as if set forth at length herein.

29. In his role as controlling shareholder, director, and officer of SSI, Defendant Shah owes fiduciary duties to SSI and to its other shareholders, including Plaintiff Amrute.

30. As set forth above, Defendant Shah has breached his fiduciary duties.

31. By reason of the foregoing, Plaintiff Amrute has been damaged in an amount to be determined at trial.

## COUNT THREE

### (Appointment of a Custodian or Provisional Director)

32. Plaintiff repeats and realleges the allegations of the above paragraphs as if set forth at length herein.

33. SSI is a corporation organized and existing under the laws of the State of New Jersey.

34. The directors of SSI are divided on voting power and are unable to effect action on one more substantial matters respecting management of the corporation's affairs, as set forth above.

35. These matters include, but are not limited to, the appropriate amount of shareholder distributions, the composition of the Board of Directors, the composition and duties of the Company's officers, the provision of computer system and other access to longtime

Company employees, the decision to retain or terminate key longstanding Company employees, and the payment of bonuses to executives without Board or shareholder approval.

36. Defendant Shah, in his capacity as a director, officer, and controlling shareholder of SSI, has acted fraudulently or illegally, has mismanaged the Company, has abused his authority as an officer and as a director, and has acted oppressively and unfairly to one or more minority shareholders in their capacities as shareholders, directors, officer, or employees, including Plaintiff Amrute and Dilip Shah.

37. It is in the best interests of the Company and its shareholders for the Court to appoint a custodian or one or more provisional directors.

## COUNT FOUR

### (Dissolution)

38. Plaintiff repeats and realleges the allegations of the above paragraphs as if set forth at length herein.

39. SSI is a corporation organized and existing under the laws of the State of New Jersey.

40. The directors of SSI are divided on voting power and are unable to effect action on one more substantial matters respecting management of the corporation's affairs, as set forth above.

41. These matters include, but are not limited to, the appropriate amount of shareholder distributions, the composition of the Board of Directors, the composition and duties of the Company's officers, the provision of computer system and other access to longtime Company employees, the decision to retain or terminate key longstanding Company employees, and the payment of bonuses to executives without Board or shareholder approval.

42. It is in the best interests of the Company and its shareholders for the Company to be dissolved.

**WHEREFORE**, Plaintiff Sundeep Amrute requests judgment in his favor and against Defendants Sanjay Shah and Street Solutions, Inc., as follows:

A. Appointing a custodian or provisional director for Street Solutions, Inc. to, among other things, resolve conflicts between the directors and shareholders and safeguard the Company's assets;

B. Enjoining and restraining Defendant Shah from engaging in further unilateral acts and oppressive conduct, including but not limited to cutting off Plaintiff's system and information access; cutting off Plaintiff's distributions, salary, and benefits; making unilateral decisions about shareholder distributions, bonuses, employee and officer hiring and promotions, and board appointments; and preventing Plaintiff from enjoying his usual and customary incidents of ownership in the Company;

C. Removing Defendant Shah as a director of the Company;

D. Ordering that Defendant Shah purchase the stock of Plaintiff at "fair value," taking into account the damage Defendant Shah has caused to the Company and the wrongful acts he has committed;

E. Dissolving Street Solutions, Inc., and distributing its assets to the shareholders in proportion to their shareholdings, subject to an equitable adjustment based on the damage Defendant Shah has caused to the Company and the wrongful acts he has committed;

F. Requiring Defendants to provide full and complete access to the books and records of Street Solutions, Inc. to Plaintiff;

G. Awarding Plaintiff monetary damages in an amount to be determined at trial, including interest thereon;

H. Awarding Plaintiff the costs and expenses which he incurs in connection with this action, including attorneys' fees;

I. Awarding Plaintiff such other and further relief as the Court deems just and proper.

**LOWENSTEIN SANDLER LLP**
*Attorneys for Plaintiff Sundeep Amrute*

By: s/ Matthew M. Oliver
     Matthew M. Oliver

Dated: April 16, 2020

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, I hereby certify that, to the best of my knowledge, the claims set forth in the above-captioned action are not the subject of any other action pending in any court or arbitration proceeding, and no other parties should be joined in this action.

                                                    **LOWENSTEIN SANDLER LLP**
                                                    *Attorneys for Plaintiff Sundeep Amrute*

                                              By:  s/ Matthew M. Oliver
                                                           Matthew M. Oliver

Dated:  April 16, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Matthew M. Oliver is hereby designated as trial counsel in this matter.

**LOWENSTEIN SANDLER LLP**
*Attorneys for Plaintiff Sundeep Amrute*


By: s/ Matthew M. Oliver
     Matthew M. Oliver

Dated: April 16, 2020

## VERIFICATION

Sundeep Amrute, of full age, hereby verifies as follows:

1. I am the Plaintiff in this Action and I have read the foregoing Verified Complaint.

2. The allegations set forth in the Verified Complaint are true and accurate based on my personal knowledge, except any allegations made "upon information and belief," which allegations I believe to be true.

3. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Sundeep Amrute

Dated: April 16, 2020