<u>**EXHIBIT B**</u>

Christopher S. Porrino (Bar I.D. 071631992)
Matthew M. Oliver (Bar I.D. 040071997)
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Plaintiff Sundeep Amrute*

**FILED**

MAY 0 8 2020

Jeffrey R. Jablonski, P.J.Ch.

| | |
|---|---|
| SUNDEEP AMRUTE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SANJAY SHAH and STREET SOLUTIONS, INC.,<br><br>　　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION:<br>HUDSON COUNTY<br><br>DOCKET NO.: C-67-20<br><br>CIVIL ACTION<br><br>**ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS** |

**THIS MATTER** having been brought before the Court by Lowenstein Sandler LLP, attorneys for Plaintiff Sundeep Amrute, seeking relief by way of temporary restraints pursuant to R. 4:52, based upon the facts set forth in the Verified Complaint filed in this Action, the Certification of Sundeep Amrute, dated May 7, 2020, and the memorandum of law in support of the application for interim relief; and it appearing that Defendants Street Solutions, Inc. and Sanjay Shah have notice of this application, and for good cause shown:

**IT IS** on this __8th__ day of __May__, 2020:

**ORDERED** that Defendants show cause before this Court on __July 10__, 2020, at __11:00 am__ why this Court should not enter an Order pursuant to R. 4:52:

1.　Compelling the Defendants to restore Plaintiff to his position of employment with Defendant Street Solutions, Inc., including but not limited to restoring his salary, medical benefits,

38387/2
05/07/2020 206354804.4

perquisites, and all other entitlements;

2. Compelling the Defendants to restore Plaintiff to his position as an officer and director of Defendant Street Solutions, Inc.;

3. Compelling the Defendants to restore Plaintiff's access to the computer and information systems of Defendant Street Solutions, Inc. at the same level of entitlement and permissions as previously existed, including but not limited to his access to corporate e-mail, all corporate servers, Quick Books, and corporate accounts for Github, Azure, Amazon Web Services, Pingdom, and Squarespace, corporate Google drives for infra, infosec, admin, google hangouts chat, google groups, DNS made easy, network solutions, namecheap, and JIRA/Confluence.

4. Restraining and enjoining the Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, from distributing any funds or assets of Defendant Street Solutions, Inc. other than in the ordinary course of business, including but not limited to paying any bonuses, except for pro rata shareholder profit distributions as set forth below;

5. Restraining and enjoining the Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, from distributing any funds or assets of Defendant Street Solutions, Inc. to Defendant Shah, except for his normal salary and benefits;

6. Restraining and enjoining the Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, from making any changes to the Street Solutions, Inc. pension plan, including but not limited to changes to beneficiaries and contributions;

7. Restraining and enjoining the Defendants, and anyone acting in concert or

participation with them or on their behalf who have or receive actual notice of this application, from appointing any directors to the board of directors of Street Solutions, Inc.;

8. Restraining and enjoining the Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, from appointing any corporate officers;

9. Restraining and enjoining the Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, from operating Defendant Street Solutions, Inc. other than in the regular course of business, and that any significant business matters (including proposed profit or other distributions, investment or reinvestment in the business, or dealing with the Company's equity stake in BlueFlame Energy Finance, LLC, must be brought to the attention of the board of directors, including Plaintiff;

10. Restraining and enjoining the Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, from utilizing the assets of Defendant Street Solutions, Inc. to pay the attorneys' fees of Defendant Sanjay Shah;

11. Compelling the Defendants to make an immediate, pro rata distribution to all shareholders in the amount of $2,000,000;

12. Restraining and enjoining and restraining Defendant Shah from engaging in further unilateral acts and oppressive conduct, including but not limited to cutting off Plaintiff's system and information access; cutting off Plaintiff's distributions, salary, and benefits; making unilateral decisions about shareholder distributions, bonuses, employee and officer hiring and promotions, and board appointments; and preventing Plaintiff from enjoying his usual and customary incidents of ownership in the Company;

13. Compelling Defendants to provide full and complete access to the books and records of Street Solutions, Inc. to Plaintiff, consistent with N.J.S.A. 14A:5-28;

14. Appointing a permanent Provisional Director for Street Solutions, Inc. pursuant to N.J.S.A. 14A:12-7, et seq., to, among other things, resolve conflicts between the directors and shareholders, secure and safeguard the Company's assets, and investigate and remediate (including reporting to the Court) any improper, unusual or suspicious transactions by any of the directors or officers, pending a final adjudication on the merits.

**IT IS FURTHER ORDERED** that, pending hearing on Plaintiff's application for a preliminary injunction, the following temporary restraints shall be ordered in order to restore and maintain the status quo ante:

1. The Defendants shall immediately restore ~~Plaintiff to his position of employment with Defendant Street Solutions, Inc., including but not limited to restoring his~~ Plaintiff's salary, & medical benefits, ~~perquisites, and all other entitlements;~~

2. ~~The Defendants shall immediately restore Plaintiff to his position as an officer and director of Defendant Street Solutions, Inc.;~~

3. ~~The Defendants shall immediately restore Plaintiff's access to the computer and information systems of Defendant Street Solutions, Inc. at the same level of entitlement and permissions as previously existed, including but not limited to his access to corporate e-mail, all corporate servers, Quick Books, and corporate accounts for Github, Azure, Amazon Web Services, Pingdom, and Squarespace, corporate Google drives for infra, infosec, admin, google hangouts chat, google groups, DNS made easy, network solutions, namecheap, and JIRA/Confluence.~~

4. ~~The Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, are restrained and enjoined from~~

distributing any funds or assets of Defendant Street Solutions, Inc. other than in the ordinary course of business, including but not limited to paying any bonuses;

5. The Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, are restrained and enjoined from distributing any funds or assets of Defendant Street Solutions, Inc. to Defendant Shah, except for his normal salary and benefits;

6. The Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, are restrained and enjoined from making any changes to the Street Solutions, Inc. pension plan, including but not limited to changes to beneficiaries and contributions;

7. The Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, are restrained and enjoined from appointing any directors to the board of directors of Street Solutions, Inc.;

8. The Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, are restrained and enjoined from appointing any corporate officers;

9. The Defendants, and anyone acting in concert or participation with them or on their behalf who have or receive actual notice of this application, are restrained and enjoined from operating Defendant Street Solutions, Inc. other than in the regular course of business, and that any significant business matters (including proposed profit or other distributions, investment or reinvestment in the business, or dealing with the Company's equity stake in BlueFlame Energy Finance, LLC, must be brought to the attention of the board of directors, including Plaintiff;

10. The Defendants, and anyone acting in concert or participation with them or on their

~~behalf who have or receive actual notice of this application, are restrained and enjoined from utilizing the assets of Defendant Street Solutions, Inc. to pay the attorneys' fees of Defendant Sanjay Shah;~~

~~11. _____ shall be appointed as the temporary and interim Provisional Director for Defendant Street Solutions, Inc., pursuant to N.J.S.A. 14A:12-7, et seq., and shall, in the first instance, take charge of and secure the corporate assets and books and records sufficient to ensure that he or she is able to oversee the business and operations of Street Solutions, Inc. during the pendency of the case, and to determine whether any of the directors, officers, or shareholders have misused or taken corporate assets or paid themselves unauthorized compensation;~~

**IT IS FURTHER ORDERED** that Defendants may move to dissolve or modify the temporary restraints herein contained on two (2) days' notice to Plaintiff; and

**IT IS FURTHER ORDERED** that a copy of this Order to Show Cause, the Certification of Sundeep Amrute, dated May 7, 2020, and the memorandum of law in support of the application for interim relief, shall be served upon Defendants or their counsel ~~within~~ on or before May 15, 2020 ~~days of the date hereof,~~ in accordance with R. 4:4-3 and R. 4:4-4, this being original process; and

**IT IS FURTHER ORDERED** that Plaintiff must file with the court his proof of service of the pleadings on Defendants immediately upon service. ~~no later than three (3) days before the return date; and~~

**IT IS FURTHER ORDERED** that Defendants shall file and serve any opposition to Plaintiff's application for a preliminary injunction on or before __June 15__, 2020 and that Plaintiff shall file and serve any reply on or before __July 1, 2020__, 2020. The original documents must be filed with the Clerk of the Superior Court in Hudson County and a copy of the papers must be sent directly to the chambers of Judge Jablonski and to Plaintiff's attorney; and

**IT IS FURTHER ORDERED** that if Defendants do not file and serve opposition

to this Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that Plaintiff filed a proof of service and a proposed form of order at least three days prior to the return date; and

**IT IS FURTHER ORDERED** that if Plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court ~~no later than three (3) days before the return date; and~~ on or before July 1, 2020.

~~**IT IS FURTHER ORDERED** that the Court shall conduct a hearing on Plaintiff's application for a preliminary injunction on the ____ day of _____, 2020, commencing at _____; and~~

~~**IT IS FURTHER ORDERED** that the temporary restraints imposed herein shall expire on _____, 2020, or at the conclusion of the hearing on Plaintiff's application for a preliminary injunction, subject to further extension for good cause.~~

_____
Hon. Jeffrey R. Jablonski, P.J.Ch.

This is an ex-parte application. Following a review of the materials submitted in support of this application, this court finds that the Plaintiff has not met the standard under R. 4:52-1 for emergent relief requested. The court notes that the interim restraints sought to be imposed mirror the ultimate relief sought in this application. The Plaintiff has not shown that any serious nor irreparable harm would result if this application were not granted, with the exception of the restoration of the Plaintiff's salary and medical benefits. This court finds that such a restraint in the current pandemic crisis would result in substantial harm and will permit the continuation of both until the ultimate determination of this matter as status quo.